diction, although offered, was not accepted by the United States, there is no warrant for the conclusion that the state did not retain its territorial jurisdiction over the area in question so far as its exercise involved no interference with the carrying out of the federal project." *Atkinson v. State Tax Commission of Oregon,* supra, 303 U.S. at 25, 58 S.Ct. at 421, 82 L.Ed. at 625. Also see *Paul v. United States,* supra; *State v. Cline,* supra; *State v. Johnson,* 81 S.D. 20, 130 N.W.2d 106 (1964), 77 Am.Jur.2d United States § 81 (1975).

The movant had the burden of proof to establish his asserted grounds for relief. Rule 27.26(f); *McClure v. State,* 470 S.W.2d 548 (Mo.1971). "Absent an affirmative act by the United States, the state is presumed to have jurisdiction over the federal lands." *State v. Rodriguez,* 279 S.C. 106, 302 S.E.2d 666, 667 (1983). The movant did not establish that portion of the national forest in question was acquired by the United States before 1940. He did not establish that the United States had accepted a tendered cession of jurisdiction. He did not sustain his burden of proof. The motion court did not err and the judgment is affirmed.

FLANIGAN, P.J., and HOGAN, J., concur.

Niewald, Waldeck, Norris & Brown, P.C., Raymond L. Dahlberg, Kansas City, for appellants.

McDowell, Rice & Smith, Chartered, Joe W. Coleman, Michelle M. Suter, Field, Gentry, Benjamin & Robertson, Jack Robertson, Kansas City, for respondents.

Before LOWENSTEIN, P.J., TURNAGE, J., and COVINGTON, Special Judge.

## ORDER

PER CURIAM:

Appellants appeal from the trial court's order that arbitrators, in determining the fair rental value of property leased to appellants from respondents, must value not only the land itself but also all buildings and improvements upon the land, including those placed on the property by appellants or their predecessors in interest.

AFFIRMED. Rule 84.16(b).

Robert D. JENKINS & Betty J. Jenkins, d/b/a Seventy–Seven Investment Co., a partnership, Appellants,

v.

Shirley R. DOAK and June J. Dickson, Respondents,

Mercantile Bank & Trust Co., Intervenor.

No. WD 40783.

Missouri Court of Appeals, Western District.

March 14, 1989.

STATE of Missouri, Respondent,

v.

Antonio D. BRADSHAW, Appellant.

No. WD 40631.

Missouri Court of Appeals, Western District.

March 14, 1989.